**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAVID A. PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 20-354E |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| | ) | |
| MAHAMUD Z. SADALA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SETTING INITIAL SCHEDULING CONFERENCE VIA TELEPHONE**

The following deadlines are set for the above-captioned matter:

1.      **Initial Rule 16 Scheduling Conference**

An Initial Rule 16 Scheduling Conference is scheduled for **February 17, 2021 at 10:30 a.m**.  Only counsel will participate and must familiarize themselves with the Practices and Procedures of the undersigned on the Courts website (see web page at

https://www.pawd.uscourts.gov/content/cathy-bissoon-district-judge  and they will be held responsible for complying with such practices and procedures. Counsel is directed to call USA Toll-Free Number (877) 336-1831. In the event of a prolonged busy signal, counsel is directed to call 404-443-6397. The Access Code is 6058460 for both telephone numbers, A security code will be emailed to counsel at least 24 hours prior to the hearing. All counsel and unrepresented parties shall have calendars available for scheduling purposes.  The parties should be prepared to discuss settlement.

2.      **Rule 26(f) Conference**

Pursuant to Federal Rule of Civil Procedure 26(f), the parties must confer to consider the nature and basis of their claims and defenses, proposed deadlines, the nature and scope of

discovery and the possibilities for a prompt settlement or resolution of the case.  The parties also must arrange for timing for the exchange of the initial disclosures required by Rule 26(a)(1).

### 3.    Rule 26(f) Report and ADR Stipulation

At least three (3) business days prior to the Initial Rule 16 Scheduling Conference, the parties shall confer and file a report consistent with Rule 26(f) and a Stipulation on the use of Alternative Dispute Resolution (ADR).  The ADR Stipulation must contain the information specified on the Court's Website under ADR Program Information (see web page at https://www.pawd.uscourts.gov/adr-program-information), and it must comply with Local Rule 16.2.  The parties must identify the type of ADR selected, the proposed neutral and the date by which ADR will be completed.

### 4.    Expedited Civil Litigation Alternative to Mandatory ADR

Effective, September 4, 2012, as an alternative to participating in the Court's ADR process, the parties may elect to participate in this Court's Expedited Civil Litigation Program. The purpose of this Program is to offer parties the option of alternative, abbreviated, efficient and cost-effective litigation and trial.  **Participation is entirely voluntary**.  Further information about the program can be found on the Court's website at https://www.pawd.uscourts.gov/expedited-civil-litigation.

Parties who wish to participate in the Expedited Civil Litigation Program, should meet and confer collectively and with their respective clients and discuss all aspects of the Program before executing the Expedited Docket Stipulation, available at the above website.  When discussing this option, the parties should consider:  the cost of litigation; the complexity of the case; the number of witnesses; the likelihood of a successful dispositive motion; the pretrial and post-trial limitations established by the Program; and the relative value of the case.  The

**irrevocable** Expedited Docket Stipulation is due at least three (3) business days prior to the Initial Rule 16 Scheduling Conference.  Note that the filing of the Expedited Docket Stipulation, negates the requirement of the parties to file a Stipulation Selecting ADR Process.

     5.      **Consent to Jurisdiction of Magistrate Judge**

If the parties consent to the jurisdiction of a magistrate judge in this case, the parties must file a stipulation consenting to such jurisdiction on or before **January 27, 2021**.  If any party declines to consent, no stipulation or other filing is required.

     6.      **Settlement**

Counsel must meet and confer regarding settlement consistent with Rule 26(f)(2).

**In cases in which a party has demanded a JURY trial, counsel for every party shall submit a position letter to this Court at least three (3) business days prior to the Initial Rule 16 Scheduling Conference.  The position letter shall set forth the following:  (a) A brief recitation of the facts; (b) A discussion of your party's strengths and weaknesses; and (c) Your party's settlement posture.  To ensure candor, the position letters are not to be filed nor shared with opposing counsel, but rather emailed to: bisson_external@pawd.uscourts.gov.  All position letters will be kept CONFIDENTIAL. Parties with settlement authority, including insurance carriers, must be available by telephone.  In NONJURY cases, the parties should not submit position statements.**

     6.      **Practices and Procedures**

Counsel must familiarize themselves with the Practices and Procedures of the undersigned on the Court's website (see web page at https://www.pawd.uscourts.gov/content/cathy-bissoon-district-judge), and they will be held responsible for complying with such practices and procedures.

IT IS SO ORDERED.


January 12, 2021                                    s/ Cathy Bissoon
                                                   Cathy Bissoon
                                                   United States District Judge


cc (via ECF email notification):

All Counsel of Record